IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TIM SMITH and CONSTANCE SMITH                              PLAINTIFFS

vs.                              No. 3:15CV-0328 JM

AMERICAN HERITAGE LIFE
INSURANCE COMPANY                                          DEFENDANT

## ORDER

Pending are the Defendant's motion for summary judgment, docket #26, and Plaintiffs' motion to dismiss without prejudice, docket # 29.

"In determining whether to grant a plaintiff's motion for voluntary dismissal, a district court should consider the following factors: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment." *Beavers v. Bretherick*, 227 F. Appx 518, 520 (8th Cir. 2007). Here, Plaintiffs filed their motion to dismiss after the Defendant had filed a properly supported motion for summary judgment. Further, Plaintiffs acknowledge that they are "having difficulty in obtaining specific documents." Plaintiffs filed this action on September 1, 2015, the case was removed to this Court on October 8, 2015. Plaintiffs inability to locate key documents in the case in this amount of time calls into question whether Plaintiffs were diligent in their efforts to prosecute this action. Further, based upon the pleadings filed Defendants have expended considerable effort and expense in preparing this case for trial. Plaintiffs failed to present a justifiable explanation for their request to voluntarily dismiss this case. The Court finds that the factors identified above weigh against dismissal without prejudice.

Plaintiffs also failed to respond to Defendant's motion for summary judgment. Under the local rules applicable to federal district courts in Arkansas, a party opposing a motion for summary judgment "shall file ... a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, Rule 56.1(b). If the opposing party fails to contest the facts described in the motion for summary judgment, those facts "shall be deemed admitted." *Id.* at 56.1(c). Accordingly, the facts as described in the Defendants' motion for summary judgment are the undisputed facts of this case. *Beavers v. Bretherick*, 227 Fed. Appx. 518 (8th Cir.2007).

In this action, Plaintiffs seek to recover insurance benefits under a cancer and specified disease policy issued by American Heritage Life Insurance Company ("AHL"). Based upon the undisputed facts, Plaintiff Tim Smith was diagnosed with cancer in 2014. AHL paid an initial diagnosis benefit, however, Plaintiffs failed to submit proof of loss from which other benefits could be calculated for Mr. Smith's other claims. "[I]t is well-settled law in Arkansas that an insured must strictly comply with an insurance-policy provision requiring timely notice where that provision is a condition precedent to recovery. Failure to do so constitutes a forfeiture of the right to recover from the insurance company. . . ." *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 361 S.W.3d 800, 805 (2010). Because Plaintiffs failed to provide the proof of loss required by the policy, Plaintiffs breach of contract claim fails. Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED this 9th day of June, 2017.

_____
James M. Moody Jr.
United States District Judge